UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN CHANEY and
BARBARA CHANEY,

    Plaintiffs,

vs.

Case No. 07-CV-10369
HON. GEORGE CARAM STEEH

CHASE HOME FINANCE LLC, and
TROTT and TROTT, P.C.,

    Defendants.

_____/

ORDER GRANTING CHASE'S MOTION FOR DISMISSAL (#8);
GRANTING TROTT'S MOTION FOR DISMISSAL (#10); AND
REMANDING PLAINTIFFS' STATE CLAIMS

Defendant Chase Home Finance LLC moves for dismissal or summary judgment of pro se[1] plaintiffs Norman Chaney's and Barbara Chaney's claims of violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, intentional infliction of emotional distress, and conspiracy to commit each of the preceding claims. Defendant Trott and Trott, P.C. also moves for dismissal or summary judgment of the plaintiffs' claims. Plaintiffs have failed to respond timely to the motions. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

**I. Background**

---

[1] Plaintiffs filed this lawsuit pro se, and represented themselves throughout the time for filing timely responses to the instant motions. Attorney Janice Burns filed an initial appearance on behalf of the plaintiffs on June 19, 2007, and there has been no activity in the file since. For purposes of this motion, plaintiffs are referred to as pro se plaintiffs.

Plaintiffs Norman and Barbara Chaney filed a complaint in Wayne County Circuit Court. The matter was removed on January 23, 2007. Count I alleges the defendants violated 15 U.S.C. § 1692(g) of the FDCPA by failing to properly validate the plaintiffs' debt prior to attempting to collect the debt, contacting plaintiffs, or reporting the debt under the Fair Credit Reporting Act. Count II alleges the defendants are liable under RICO, specifically 18 U.S.C. § 1962(c), for acting in concert to deprive the plaintiffs of their home for falling behind on two monthly payments and refusing to permit later payment without adding outrageous fees. Count III alleges intentional infliction of emotional distress. Count IV alleges a conspiracy among the defendants.

## II. Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990). The court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

## III. The FDCPA claim of Count I against Chase is dismissed.

Count I is founded on the plaintiffs' contention that Chase, a creditor, faces the same liabilities under the FDCPA as a debt collector. (Compl. ¶ 14.) The plain language of the FDCPA conflicts with the contention that a "creditor" is included in the definition of "debt

collector." There are three problems with such a contention: (1) the statute's separate definition of "creditor," 15 U.S.C.A. § 1692a(4), (2) the statute's express exemption in favor of "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," 15 U.S.C.A. § 1692a(6)(A), and (3) the part of the definition of "debt collector" which requires that the debt in question be "owed or due another," 15 U.S.C.A. § 1692a(6). Michael A. Rosenhouse, *What constitutes 'debt collector' for purposes of Fair Debt Collection Practices Act,* 173 A.L.R. 223, 239 (2001).

Perhaps the most pertinent language in the statute is found in 15 U.S.C. § 1692a(6) and 15 U.S.C. § 1692a(6)(F)(ii). Those sections state in part: "The term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person." The debt at issue here is one that originated between the Chaneys and Chase. Accordingly, Chase is not a debt collector within the meaning of the statute.

The Sixth Circuit has ruled consistently with this analysis. In Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir. 1998) the court ruled that the business of extending credit, in itself, did not make that business a debt collector under the FDCPA. Id. at 411. The Lewis court noted that the creditor in that case never sought to collect the debt under an assumed name. Id. The same is true here.

Plaintiffs offer an opinion-letter ruling from the Federal Trade Commission as support for their claim. (Compl. ¶ 14.) This letter, however, addresses a different situation - the requirements for validation of debt between a collection agency and debtor, not between a creditor and debtor. Indeed, in the second paragraph, the letter clarifies the rationale behind the FDCPA requirements for validation of debts: "Because one of the principal purposes of this Section [809(b)] is to help consumers who have been misidentified by the debt collector or who dispute the amount of the debt, it is important that the verification of

3

the identity of the consumer and the amount of the debt be obtained directly from the creditor." It is not surprising that the rationale behind the validation requirements do not fit with the facts of this case in that Chase is a creditor and not a debt collector. Misidentification is clearly not at issue in this suit. To the extent that there is a monetary dispute in this case, it revolves around the escalating charges to the mortgage loan, not the mortgage loan amount itself. (See Compl. ¶ 6.) The purposes underlying the FDCPA validation of debt requirements are simply not applicable to this suit.

Plaintiffs' FDCPA claims against Chase are dismissed as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

### IV. The RICO claim of Count II against Chase is dismissed.

The plaintiffs have failed to allege how the actions of Chase differ from those of a legitimate mortgage-lender business. The plaintiffs also have failed to allege any specific criminal activity. And ultimately, the plaintiffs' have failed to allege how the actions of Chase are anything other than the exercise of contractual terms to which the plaintiffs consented when entering the mortgage contract. Plaintiffs' RICO claims against Chase are dismissed as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

### V. The FDCPA claim of Count I against Trott is dismissed.

Consistent with the analysis with respect to defendant Chase, plaintiffs have failed to allege how Trott has violated the FDCPA. Plaintiffs have failed to allege with specific facts how Trott acted as a debt collector within the meaning of the FDCPA, or that any requests for debt verification were made to Trott. Instead, plaintiffs provide only conclusionary statements as to Trott's liabilities under the FDCPA. Plaintiffs' FDCPA claims against Trott are dismissed as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

## VI. The RICO claim of Count II against Trott is dismissed.

As with defendant Chase, plaintiffs have failed to allege the specific criminal conduct engaged in by Trott. Plaintiffs' RICO claims against Trott are dismissed as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

## VII. Conspiracy to commit Counts I and II alleged against both defendants is dismissed.

Plaintiffs' conspiracy claims are conclusionary and, in addition, are premised on the underlying substantive claims. With respect to the federal claims, plaintiffs allege a conspiracy to violate the FDCPA and RICO as alleged in the Complaint. The court has ruled, however, that plaintiffs' FDCPA and RICO claims fail to state claims on which relief may be granted. Plaintiffs have thus failed to allege actionable federal conspiracy claims as a matter of law. Conley, 355 U.S. at 45-46; Gregory, 220 F.3d at 446; Scheid, 859 F.2d at 436.

## VIII. Supplemental jurisdiction.

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court has dismissed all of plaintiffs' federal claims. The court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims of conspiracy and intentional infliction of emotional distress.

## IX. Conclusion

For the reasons set forth above, defendants Chase's and Trott's motions to dismiss are hereby GRANTED. The court need not address the defendants' alternative motion for summary judgment under Rule 56. Plaintiffs' federal claims as alleged in Counts I, II, and IV are hereby DISMISSED with prejudice. Plaintiffs' state law claims as alleged in Counts III and IV are hereby REMANDED to Michigan's Wayne County Circuit Court. Chase's

request for attorney's fees is hereby DENIED.

SO ORDERED.

Dated: July 9, 2007

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---